## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAJ PROPERTIES, LLC <br> 10012 CEDARHOLLOW LANE <br> LARGO, MARYLAND 20774 <br><br> SWDC INVESTMENTS LLC <br> 10012 CEDARHOLLOW LANE <br> LARGO, MARYLAND 20774 <br><br> Plaintiffs, <br> v. <br><br> SERVIS ONE, INC. d/b/a <br> BSI FINANCIAL SERVICES <br> 1425 GREENWAY DRIVE, SUITE 400 <br> IRVING, TEXAS 75038 <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB <br> 500 DELAWARE AVENUE <br> WILMINGTON, DELAWARE 19801 <br><br> LH-NP-STRAT DELAWARE OWNER TRUST <br> c/o U.S. Bank Trust National Association <br>    1011 Centre Road, Suite 203 <br>    Wilmington, Delaware 19805 <br><br> Defendants. | Civil Case No. 8:22-cv-02313 |

## COMPLAINT AND JURY DEMAND

Plaintiffs, TAJ Properties, LLC ("TAJ") and SWDC Investments LLC ("SWDC"), by undersigned counsel, file suit against Defendants Servis One, Inc. d/b/a/ BSI Financial Services ("BSI"), Wilmington Savings Fund Society ("WSFS") and LH-NP-STRAT Delaware Owner Trust ("LNS"), and allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff sues the Defendants for conversion, unjust enrichment, fraud, breach of contract and violation of Secondary Mortgage Loan Law, Md. Code Ann., Com. Law § 12-401 (SMLL) and seeks compensatory and punitive damages from the Defendants.

## PARTIES, JURISDICTION AND VENUE

2. SWDC is a limited liability company that is organized and located in Maryland.

3. TAJ is a limited liability company that is organized and located in Maryland.

4. BSI is headquartered in Texas with additional offices in Pennsylvania, Maryland and California. BSI provides loan servicing and loan default services.

5. WSFS is headquartered in Wilmington, Delaware. WSFS does business in the name of Christina Trust and provides financial services and products to individuals and businesses.

6. LNS is statutory trust that was incorporated in Delaware.

7. Plaintiffs brings this complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2202 because an actual controversy exists between the Parties, which is of sufficient immediacy and reality to warrant declaratory relief.

8. Venue is proper and appropriate pursuant to 28 U.S.C. § 1391(b)(2) for the real estate properties that are the subject of the illegal conduct are all located in the state of Maryland. Further, Defendant BSI has an office in Maryland and BSI is the agent of WSFS.

## FACTUAL ALLEGATIONS

### A. Allegations Pertaining to SWDC

9. Plaintiff SWDC owned a property located at 631 Dumbarton Ave in Baltimore.

10. In December 2016, SWDC obtained a loan from Vision Financial Services Inc. ("Visio") that was secured by the Dumbarton property.

11. SWDC executed a promissory note payable to Visio and a deed of trust to the benefit of Visio in exchange for the loan

12. BSI serviced the loan for Visio.

13. WSFS claims to be trustee for a trust that purchased the Dumbarton property.

14. In January 2022, SWDC paid the debt in full.

15. Under the terms of the loan, the Defendants were required to mark the promissory note as paid and return it to the Plaintiff following full payment of the loan.

16. The Defendants did not return the Note to Plaintiff after receiving its' payment.

17. SWDC sent written requests for the Note, but the Defendants have ignored them.

18. Upon information and belief, the Defendants did not return the Note to SWDC because the Defendants were not in possession of the original note.

19. Upon information and belief, BSI and WSFS were not in possession of the original note and were not entitled to receive SWDC payments since January 2019 or before.

20. Because BSI and WSFS were not entitled to receive payments from SWDC, the Defendants wrongfully obtained and retained over $70,000 from SWDC.

**B.     Allegations Pertaining to TAJ**

21. Plaintiff TAJ owns property located at 1501 N. Eden St in Baltimore.

22. In 2018, TAJ obtained a loan from Secured Investment Funding ("SIF") that was secured by the Dumbarton property Secured Investments.

23. TAJ executed a promissory note payable to SIF and deed of trust to benefit of SIF in exchange for the loan.

24. In 2020, BSI claimed to have acquired the loan from SIF.

25. After BSI claimed to have acquired the loan, TAJ began making payments to BSI but requested proof that BSI in possession of the original note and entitled to enforce the Note.

26. BSI did not provide any proof that was in possession of the Note or that it was the agent to the person/entity in possession or that it was otherwise entitled to enforce the Note.

27. TAJ ceased making payments to BSI after BSI failed to provide proof that it was entitled to collect payments under the Note.

28. BSI claims LNS is the current owner of the Note.

29. Upon information and belief, neither BSI nor LNS are not in possession of the Note and/or they are not entitled to enforce the Note (i.e. the Note has not been endorsed to either Defendant or the Note was lost when they could not enforce it).

30. Because BSI and LNS were/are not entitled to enforce the Note, the payments BSI received from TAJ were undue payments.

31. BSI wrongfully obtained and retained over $5,000 from TAJ.

32. Further, BSI is attempting to collect $34,200 that was not lent to TAJ and is not owed to the holder of the Note.

33. As a consequence of BSI's inflation of the loan balance, TAJ was not able to sell the property or refinance the property and payoff the loan.

34. Because TAJ was prevented from paying off the loan, no additional interest or fees could be assessed on the loan.

## COUNT ONE: VIOLATION(S) OF SMLL
### (as to defendants BSI and WSFS)

35. Plaintiffs incorporate paragraphs 1-34 by reference.

36. The Defendants violated SMLL, § 12-407(e) by failing to mark the Note as paid and failing to return the Note to SWDC after SWDC paid the Note in full.

37. Defendants knew that they violated their obligation to mark the Note paid and return it to SWDC because the Defendants executed and recorded a Certificate of Satisfaction acknowledging that the loan had been satisfied.

38. Defendants further knew that they violated their obligation to mark the Note paid and return it to SWDC because TAJ notified the Defendants that it had not received the Note, and despite receiving such notification, the Defendants still did not return the Note.

39. As a result of Defendants' violation, the Plaintiff is entitled to all interest, costs, or other charges that Defendants charged the Plaintiff, see SMLL at § 12-413.

40. As a result of Defendants' willful violation of SMLL at § 12-407(e), the Plaintiff is entitled to three times the amount of interest and charges collected, see SMLL at § 12-413.

## COUNT TWO: BREACH OF CONTRACT
**(as to all Defendants)**

41. Plaintiffs reincorporate all the allegations above by reference.

42. SWDC entered into loan contract with Visio. The loan contract consisted of the promissory note and deed of trust. Visio was identified as the Noteholder and/or lender in the promissory note and deed of trust. SWDC was identified as the borrower.

43. BSI claim WSFS acquired Visio's rights and obligations in the loan contract.

44. WSFS breached the deed of trust by failing to mark the Note as paid and failing to return the Note to SWDC after SWDC paid the Note in full.

45. In the alternative, BSI is the real interested party and WSFS is a front entity with no actual interest in the property, and BSI breached the deed of trust by failing to mark the Note as paid and failing to return the Note to SWDC after SWDC paid the Note in full.

46. SWDC is seeking the value of the Note for Defendants' failure to return the Note.

47. TAJ entered into loan contract with SIF. The loan contract consisted of the promissory note and deed of trust. SIF was identified as the Noteholder and/or lender in the promissory note and deed of trust. TAJ was identified as the borrower.

48. BSI claim LNS acquired SIF's rights in the loan contract.

49. The loan contract permitted the noteholder/lender to receive a certain loan amount.

50. LNS breached the loan contract by demanding amounts in excess of amount permitted by the loan contract.

51. In the alternative, BSI is the real interested party and LNS is a front entity with no actual interest in the property, and BSI breached the loan contract by demanding amounts in excess of amount permitted by the loan contract.

52. BSI and/or WSFS' breach has caused SWDC to incur pecuniary losses, including but not limited to monies expending in attempt to obtain the Note from the Defendants and the Note itself which represents a value of all monies paid to the Defendants.

53. Plaintiff is seeking the value of the Note for BSI or WSFS' failure to return the Note.

54. BSI and/or LNS breach has caused TAJ to incur pecuniary losses, including illegal and/or undue charges, fees, expenses, interest and profit from selling the property.

55. Plaintiff is seeking reimbursement for all pecuniary losses resulting from the defendants BSI and/or LNS' breach.

## COUNT THREE: CONVERSION
**(as to all Defendants)**

56. Plaintiffs reincorporate all the allegations above by reference.

57. Defendants BSI and/or WSFS converted all of SWDC's payments by collecting payments that they had no legal authority to collect.

58. Defendants BSI and/or LNS converted all of TAJ's payments by collecting payments that they had no legal authority to collect

59. Defendants intended to take Plaintiffs property.

60. Defendants knowingly demanded and collected Plaintiffs' payments while knowing they had no legal right to collect the payments.

61. Upon information and belief, the Defendants were motivated by malice when they converted Plaintiffs' property.

6

62. Plaintiffs had over $75,000 converted by Defendants.

63. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for compensatory damages, actual damages and punitive damages.

### COUNT FOUR: UNJUST ENRICHMENT
**(as to all Defendants)**

64. Plaintiffs reincorporate all the allegations above by reference.

65. BSI, in its' capacity as the loan servicer, is not a party to the loan contract, and therefore, Plaintiffs and BSI's relationship is not governed by contract.

66. To the extent WSFS is not the Noteholder or lender – which the Plaintiff SWDC alleges in the alternative – WSFS is not a party to the loan contract, and therefore, SWDC and WSFS' relationship is not governed by contract.

67. LNS is not the Noteholder or lender is not a party to the loan contract, and therefore, LNS and TAJ's relationship is not governed by contract

68. Defendants received and retained payments from Plaintiffs, but Defendants had no legal right to collect those payments.

69. Defendants' retention and refusal to return the Plaintiffs' payments has deprived the Plaintiffs of their monies.

70. Plaintiffs seek over $75,000 of payments that have unjustly enriched the Defendants.

### COUNT FIVE: FRAUD
**(as to all Defendants)**

71. Plaintiffs incorporate the preceding allegations by reference.

72. BSI mailed monthly mortgage statements to Plaintiffs.

73 In those mortgage statements, BSI demanding payments from Plaintiff, but did not disclose that BSI was not entitled to collect payments.

74. BSI knew it was not entitled to collect payments on the Note.

7

75. BSI intended for Plaintiffs to rely on its false representation and to pay BSI despite BSI having no legal right to collect the payments.

76. Plaintiffs did in fact rely on the representations made by BSI.

77. SWDC did not learn that BSI's representation(s) were fraudulent until after SWDC paid the loan in full.

78. TAJ did not learn that BSI's representation(s) were false until making several loan payments to BSI.

79. BSI's representations and/or omissions deceived Plaintiffs and caused them to suffer pecuniary loss, including but not limited to payments to BIS in an amount over $75,000.

80. BSI claims to have made the representations on behalf of LNS and WSFS.

81. BSI, which claims to be a loan servicing agent for defendants LNS and WSFS, if true, would have been operating within the scope of its agency relationship with LNS and WSFS when BSI sent the mortgage statements to Plaintiffs.

82. Plaintiffs seeking compensatory and punitive damages for Defendants' fraud.

### COUNT SIX: DECLARATORY JUDGMENT
(as to all defendants BSI and LNS)

83. Plaintiffs incorporate the preceding allegations by reference.

84. Under Maryland law, only the holder of the Note or a person with rights of a holder is entitled to enforce the Note.

85. Maryland precedence counsels a borrower not to pay a person that has not established they are entitled to enforce a Note.

86. BSI and LNS have not established that they are in possession of the Note.

87. Notwithstanding their failure to establish they are entitled to enforce the Note, BSI and LNS claim they are entitled to enforce the Note.

88. TAJ contends that BSI and LNS are not entitled to enforce the Note, and, on that basis, the Plaintiff has not paid Defendants.

89. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether Defendants can enforce the Note.

90. Therefore, Plaintiff TAJ seeks a declaratory judgment that Defendants are not entitled to enforce the Note and that TAJ has no legal obligation to pay BSI and/or LNS.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment in their favor for the following:

(a) Award compensatory damages in the amount over $75,000;
(b) Award punitive damages in the amount over $750,000; and
(c) Any such other relief the Court deems just, equitable and proper.

## **DEMAND FOR TRIAL BY JURY**

91. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs hereby demand a trial by jury on all issues so triable

Respectfully submitted,

**SWDC INVESTMENTS, LLC
AND TAJ PROPERTIES, LLC**

*/s/ Jeffrey W. Styles*
Jeffrey W. Styles, Esq. – Bar No. 20859
1001 Connecticut Ave NW #1138
Washington, DC 20036
Tel: (202) 503-1708
jstyles@washlegal.com

*Counsel for Plaintiffs SWDC Investments, LLC
and TAJ Properties, LLC*



| SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES, INC. | |
|---|---|
| Texas Taxpayer Number | 10438002932 |
| Mailing Address | 1425 GREENWAY DR STE 400 IRVING, TX 75038-2480 |
| Right to Transact Business in Texas | ACTIVE |
| State of Formation | DE |
| Effective SOS Registration Date | 01/20/2005 |
| Texas SOS File Number | 0800442554 |
| Registered Agent Name | INCORP SERVICES, INC. |
| Registered Office Street Address | 815 BRAZOS, SUITE 500 AUSTIN, TX 78701 |

The Court must next determine whether plaintiff has presented an actual controversy within the meaning of the **Declaratory Judgment Act**. See *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 272, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Such a question is one of degree, and a court must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273, 61 S.Ct. 510. In other words, the **Declaratory Judgment Act** may not be invoked to ask a district court to issue advisory opinions,

10

and the dispute between the parties must be a case or controversy within the confines of Article III of the Constitution. *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 913 F.2d 165, 167 (4th Cir.1990); *see also MedImmune Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007).

SERVE:	INCORP SERVICES, INC.	*
	1519 YORK ROAD	*
	LUTHERVILLE, MD 21093	*

6.	Plaintiffs bring their complaint under federal diversity jurisdiction, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332,