IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

TAJ PROPERTIES, LLC, ET. AL.

    PLAINTIFFS

V.                                            CASE NO. 8:22-CV-02313

SERVIS ONE, INC. D/B/A

BSI FINANCIAL SERVICES, ET. AL.

    DEFENDANTS

---

## MOTION TO DISMISS

COMES NOW, Servis One, Inc. d/b/a BSI Financial Services (hereinafter "BSI"), Wilmington Savings Fund Society, FSB (hereinafter "Wilmington"), and LH-NP-Strat Delaware Owner Trust (hereinafter "LH-NP"), by and through undersigned counsel and hereby responds to the Complaint filed herein and moves to dismiss the case and in support thereof states as follows:

1. SWDC Investments, LLC (hereinafter "SWDC1") is a Maryland LLC formed by Thomas J. Alston on November 19, 2015. *See* Exhibit 1 attached hereto and incorporated herein by reference.

2. On December 27, 2016, SWDC1 obtained a loan in the principal amount of $55,000.00 from Visio Financial Services, Inc (hereinafter "Visio"). (hereinafter "SWDC loan").

3. The SWDC loan was secured by a Deed of Trust recorded among the land records of Baltimore City, Maryland at Book 19056 Page 357.

4. On February 22, 2017 the SWDC loan Deed of Trust was assigned from Visio to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II (hereinafter "WSFS") by virtue of an assignment of Deed of Trust recorded among the land records of Baltimore City at Book 19520 Book 383.

5. Additionally, the note was endorsed from Visio to WSFS.

6. WSFS retained the services of BSI Financial as its servicer.

7. SWDC1's charter was forfeited by the Maryland Department of Assessments and Taxation on October 16, 2018.  *See* Exhibit 2 attached hereto and incorporated herein by reference.

8. At no time did SWDC1 transfer by deed the property known as 631 Dumbarton Avenue, Baltimore, MD 21218.  No deed was recorded among the land records of Baltimore City, Maryland.

9. On March 12, 2020 Thomas J. Alston formed a new corporation and named it the identical name SWDC Investments, LLC (hereinafter "SWDC2").  *See* Exhibit 3 attached hereto and incorporated herein by reference.

10. On or about February 11, 2022 the SWDC Loan was paid in full and the Deed of Trust released.

11. The new Corporation had no obligation under the Deed of Trust and note.

12. Plaintiff is alleging violations related to the Note and Deed of Trust, which the current corporation has no interest.

13. TAJ Properties, LLC ("hereinafter TAJ") is a Maryland Corporation formed by Thomas J. Alston on June 1, 2016.

14. On August 8., 2018 TAJ obtained a loan in the principal amount of $90,500.00 from Secured Investment Funding, LLC. (hereinafter "TAJ loan").

15. The TAJ loan was secured by a Mortgage recorded among the land records of Baltimore City, Maryland at Book 20424 Page 127

16. On June 21, 2022 the TAJ loan Mortgage was assigned from Secured Investment Funding, LLC to LH-NP-STRAT Delaware Owner Trust (hereinafter "LH-NP") by virtue of an assignment of mortgage recorded among the land records of Baltimore City at Book 24830 Book 98.

17. LH-NP-STRAT retained the services of BSI Financial as its servicer.

18. On August 26, 2022 LH-NP filed a Complaint to Foreclose in the Circuit Court for Baltimore City, Maryland at Case No. 24O22000748 against Plaintiff TAJ Properties, LLC (hereinafter "TAJ").  *See* Exhibit 4 attached hereto and incorporated herein by reference.

19. On September 11, 2022 TAJ was served with a copy of said Complaint to Foreclose.

20. On September 13, 2022 TAJ joined with SWDC2 to file the Complaint in the above captioned matter.

21. On November 29, 2022 Alston joined with TAJ and SWDC2 in an Amended Complaint.

22. Thomas J. Alston borrower funds from Visio on March 27, 2017 in the amount of $76,700.00 pursuant to the terms of a note and Deed of Trust (Alston Loan).

23. Visio is the current noteholder

24. BSI is the current servicer of the loan.

## SWDC INVESTMENTS, LLC CLAIMS

25. A limited liability company organized under the Maryland Limited Liability Company Act whose charter is forfeited is precluded from prosecuting an Action in Maryland Courts.  *See Price v. Upper Chesapeake Health Ventures*, et. al. 995 A.2d 1054 (2010).  See Also,  MD Corps & Assocs §4A-901 et. seq.; Maryland Rule 8-602(b)(1).

26. As the entity entitled to enforce the provisions of the Note is a forfeited corporation, the entity seeking relief herein is a forfeited Maryland limited liability company and lacks the capacity to sue and all claims brought by SWDC Investments, LLC should be dismissed.

## TAJ PROPERTIES, LLC CLAIMS

27. When a party seeks to enjoin a foreclosure, or seek declaratory relief in the federal Court those claims are barred by Res Judicata and the Anti-Injunction Act, 22 U.S.C. §2283; *See Brown v. Ocwen*, Civil 8:14-cv-03454-PJM

28. A previously filed foreclosure action precludes this action on res judicata grounds.  *See Gunter v. Agents for Int'l Monetary Fund Internal Revenue Service*, 2017 WL 219374 (D. Md. Jan. 19, 2017)

29. A Complaint to foreclose is pending in the Circuit Court for Baltimore City.

30. A Motion to Stay and Dismiss filed by Taj Properties, LLC in the Circuit Court case alleges that the total disputed amount is $30,000.00.

31. The Complaint filed herein alleges an amount in controversy of $39,200.00 at Paragraph 33 and 34 and increases said amount to $50,000.00 in Paragraph 37.

32. As a result thereof and in combination with the Motion to Dismiss the SWDC Investments, LLC dismissal, this Court would not then have jurisdiction to hear this matter as diversity jurisdiction requires the amount in controversy to exceed $75,000.00.

## JURISDICTION

33. Federal jurisdiction exists where a federal question is presented or there is diversity of citizenship of the parties. *See* 28 U.S.C. ' 1331 & 1332.

34. Federal question jurisdiction is satisfied when a civil claim arises under the Constitution or laws of the United States. *See* 28 U.S.C. 1331.

35. Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between, inter alia, citizens of different states. *See* 28 U.S.C. 1332(a) (1).

36. The diversity statute requires complete diversity of the parties, which means that "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005).

37. The Plaintiffs do not allege that WSFS or BSI are not Maryland entities. Plaintiffs solely allege where WSFS and BSI's headquarters are located.

38. All claims by SWDC2 are to be dismissed as SWDC2 is not a party to the contracts and/or owner of the property alleged.

39. SWDC1 is a forfeited corporation and as such cannot be a Plaintiff herein.

40. Plaintiff TAJ alleges that it was damaged in the amount of $39,200 at paragraphs 33 and 34 and increases the same to $50,000.00 at Paragraph 37.

41. Plaintiff Alston does not allege any damages with specificity solely making a blanket allegation that he is damaged in the amount of $50,000.00.

42. The statute of limitations for all claims made is three years from the date it accrues. *See* Md. Cts. & Jud. Proc. §5-101.

43. Pursuant to the terms of the Alston note, the monthly payment amount was $595.20. Over a period of three (3) years would equal $21,427.20.

44. The $34,200.00 alleged by Taj indicates that BSI was attempting to collect said amounts but does not allege that any amount was paid.

45. Pursuant to the terms of the note, the monthly payment amount of the TAJ loan agreement was $867.77 per month. Over a period of three years (3) equals $31,239.72.

46. Viewing the allegations in a light most favorable to the Plaintiffs, the amount in controversy would be $57,666.92, below the required amount of $75,000.00.

COUNT I – VIOLATIONS OF SMLL

47. Count I of the Amended Complaint makes allegations solely as to SWDC1 and the Note against BSI and WSFS.

48. As stated above, the SWDC entity which signed the note (SWDC1) and is entitled to enforce the terms of the Note is a forfeited entity who lacks the capacity to sue.

49. Further, Plaintiffs allege that TAJ notified the Defendants that it had not received the SWDC note. TAJ had no ability to enforce claims on behalf of SWDC1.

WHEREFORE, Count I should be dismissed without leave to Amend.

COUNT II – BREACH OF CONTRACT

50. Count II of the Amended Complaint alleges breach of contract by Defendants as to both Plaintiffs SWDC and TAJ.

51. Under Maryland law, a cause of action for breach of contract must be filed within three years of the date the cause of action accrues. Md. Code Cts. & Jud. Proc. §5-101.

52. A breach of contract claim accrues on the date the contract is breached or anticipatorily breached, not the date upon which the plaintiff discovers the defendant's breach. *The Catholic Univ. of Am. V. Bragunier Masonry Contractors, Inc.*, 775 A.2d 458, 470 (Md. Ct. Spec. App. 2001).

53. Under Maryland Law, the elements of a claim for breach of contract are "contractual obligation, breach, and damages." *Kumar v. Dhanda*, 198 Md. App. 337, 17 A.3d 744, 749 (2011).

54. Maryland law requires that a plaintiff alleging a breach of contract 'must of necessity allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant. *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333, 362, 36 A.3d 399, 416 (2012).

55. A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

56. The rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; see *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken

as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

57. Count II alleges that the promissory note and deed of trust are the contracts which allegedly have been breached.

58. As stated above, the SWDC entity which signed the note (SWDC1) and is entitled to enforce the terms of the Note is a forfeited entity who lacks the capacity to sue.

59. The SWDC entity (SWDC2) which is the Plaintiff herein, has no Contract with any of the Defendants.

60. TAJ is a party to the Circuit Court Complaint currently pending between LNS and TAJ.

61. The Amended Complaint alleges breach of contract between Thomas Alston, Taj Properties, LLC and SWDC Investments, LLC as Plaintiffs and Servis One, Inc. dba BSI Financial Services, Wilmington Savings Fund Society, FSB, and LH-NP-Strat Delaware Owner Trust as Defendants.

62. Plaintiffs do not allege that Thomas Alston had any contractual relationship with BSI Financial Services, Wilmington Savings Fund Society, FSB or LH-NP-Strat Delaware Owner Trust.

63. Plaintiffs sole allegation is that BSI Financial Services was a servicer under contract between BSI Financial Services and Visio.

64. Plaintiffs do not allege that SWDC Investments, LLC had any contractual relationship with LH-NP-Strat Delaware Owner Trust.

65. Plaintiffs allegations allege that BSI Financial Services was a servicer under contract between BSI Financial Services and Wilmington Savings Fund Society, FSB.

66. Plaintiffs do not allege that TAJ Properties, LLC had any contractual relationship with Wilmington Savings Fund Society, FSB.

WHEREFORE, Plaintiffs having failed to properly state a claim for Breach of Contract the claim for Breach of Contract should be dismissed

## COUNT III - CONVERSION

67. Count III of the Amended Complaint alleges conversion by all Defendants.

68. Plaintiffs allege that BSI and/or WSFS converted SWDC's property by collecting payments under the note that they had no legal authority to collect.

69. Plaintiffs allege that BSI and/or LNS converted TAJ's property by collecting payments under the note that they had no legal authority to collect.

70. Plaintiffs allege that BSI converted Alston's property by collecting payments under the note that they had no legal authority to collect.

71. Conversion is "an intentional tort that requires an exertion of ownership or dominion over another's personal property in denial of or inconsistent with the owner's right to that property." *Nickens v. Mount Vernon Realty Group, LLC*, 429 Md. 53, 77 (2012)".

72. Monies are considered intangible property; as such, "[t]he general rule is that monies are . . . not subject to claim for conversion." *Allied Investment Corp. v. Jasen*, 354 Md. 547, 564 (1999).

WHEREFORE, Plaintiffs having failed to state a claim for Conversion upon which relief may be granted, the claim for Conversion should be dismissed.

## COUNT IV – UNJUST ENRICHMENT

73. Count IV of the Amended Complaint seeks damages for Unjust Enrichment against all Defendants.

74. Count IV alleges that BSI is a loan servicer and not a party to the loan contract acknowledging that Plaintiffs have no Contract with BSI.

75. Count IV alleges that to the extent WSFS is not the Noteholder or lender it was unjustly enriched by Plaintiff SWDC.

76. Count IV alleges that LNS is not the noteholder or lender and as a result it has been unjustly enriched by TAJ.

77. Count IV states that Defendants have received and retained payments from Plaintiffs that they had no legal right to collect and therefore were unjustly enriched.

78. No allegations were made that Plaintiffs made any payments to LNS or WSFS.

79. Unjust enrichment is "an obligation which the law creates in absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it. *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 94–95 (2000); see also *Robinette v. Hunsecker*, 212 Md. App. 76, 126 (2013) ("Admittedly, a claim of unjust enrichment, a quasi-contract claim, 'may not be brought where the subject matter of the claim is covered by the express contract between the parties.'") accord *Pettus v. McDonald*, 343 Ark. 507, 513 (2001). *Loren J. Chassels, et al. v. Benjamin L. Krepps, et al.* 235 Md. App. 1, 174 A. 3d 896 (2017).

80. ("[A]n implied-in-law contract is not even a contract at all, but an obligation imposed by law to do justice even though no promise was ever made or intended.") (emphasis added) (citing *Calamari & Perillo*, Contracts § 1–12 (3d ed.1987)). Id.

81. Unjust enrichment occurs when the plaintiff confers a benefit on the defendant, the benefit is known to the defendant, and retention of that benefit by the defendant under those circumstances is inequitable. *Mohiuddin v. Doctors Billing & Mgmt. Solutions*, 196 Md. App. 439, 449 (2010). Id.

82. The benefit need not be conferred affirmatively, but may be conferred "by reason of an infringement of another person's interest or of loss suffered by the other." *Berry & Gould P.A. v. Berry*, 360 Md. 142, 151 (2000) (citation omitted). Id.

83. The benefit and the damages must be pled with sufficient specificity, not as bald assertions or conclusory statements. *15 Mohiuddin*, 196 Md. App. at 450. And "the classic measurement of unjust enrichment damages is the gain to the defendant, not the loss by the plaintiff," *Mogavero v. Silverstein*, 142 Md. App. 259, 276.

84. Through the Amended Complaint, Plaintiffs allege that payments were sent to BSI, but does not state the amounts so allegedly paid.

85. Plaintiffs do not allege that any funds were sent to WSFS or LNS.

86. Plaintiffs do not allege that the payments were not due and owing.

87. Plaintiffs do not allege that any other party was entitled to enforce the note and/or deed of trust.

WHEREFORE, Plaintiffs having failed to properly state a claim for Conversion, the claim should be dismissed.

## COUNT V – FRAUD

88. In order to prevail with regard to any type of fraud, the complaint must allege: 1) that the defendant made a false representation to the plaintiff; 2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; 3) that the misrepresentation was made for the purpose of defrauding the plaintiff; 4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and 5) that the plaintiff suffered compensable injury resulting from the misrepresentation.  United States v. *First Kuwaiti Gen'l Trading & Contracting Co.,* 612 F.3d 724, 731 (4th Cir. 2012).

89. In accordance with Federal Rules of Civil Procedure 9(b), when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." See *Willis v. Bank of America, N.A*., No. ELH-13-2615, 2015 WL 5157501, at *9 (D. Md. Sept. 2, 2015).

90. The requirement of particularity ordinarily means that a plaintiff must identify who made what false statement, when, and in what manner (i.e., orally, in writing, etc.); why the statement is false; and why a finder of fact would have reason to conclude that the defendant acted with scienter (i.e., that the defendant either knew that the statement was false or acted with reckless disregard for its truth) and with the intention to persuade others to rely on the false statement. See, e.g., *Spaulding v. Wells Fargo Bank, N.A.,* 714 F.3d 769, 781 (4th Cir.2013) (Davis, J.) (concerning the analogous federal rule). *McCormick v. Medtronic*, 219 Md. App. 485, 528 (2014).  Id.

91. The Amended Complaint does not allege the time, place and contents of the alleged false representations.  Nor do the allegations allege with specificity what was obtained through the mailing of the monthly statements.

92. The Amended Complaint solely alleges that the "monthly statements" were sent to the Plaintiffs by BSI that failed to disclose that BSI was not entitled to collect the monthly payments.

93. The Amended Complaint further states that if BSI was acting as loan servicing agent for LNS and WSFS, and that LNS and WSFS, who made no representations, would be guilty of fraud by agency.

94. These allegations fail to meet the pleading requirements for fraud.

WHEREFORE, Plaintiffs having failed to properly state a claim for Fraud, the claims should be dismissed.

## COUNT VI – DECLARATORY JUDGMENT

95. Count VI indicates it is a claim for declaratory judgment against BSI and LNS.

96. Count VI alleges that BSI and LNS have not established that they are in possession of the note and therefore the Court should issue a declaratory judgment that they are not entitled to enforce the note.

97. Count VI makes no allegations against WSFS.

98. Count VI appears to make allegations solely regarding TAJ and not the remaining Plaintiffs Alston and SWDC2.

99. A previously filed foreclosure action precluded the present action on res judicata grounds.  See Gunter v. Agents for Int'l Monetary Fund Internal Revenue Service, 2017 WL 219374 (D. Md. Jan. 19, 2017).

100. As stated above, LNS filed a foreclosure action prior to the filing of this case seeking to enforce the note.

101. As such, the Complaint for Declaratory Judgment should be dismissed.

WHEREFORE, Defendants respectfully request that this Honorable Court

a.) dismiss the claims filed by SWDC as SWDC does not have the capacity to sue;

b.) dismiss the claims filed by TAJ as the Circuit Court for Baltimore City has jurisdiction;

c.) dismiss the claims filed by TAJ and Alston for lack of jurisdiction;

d.) dismiss the claims by TAJ, Alston and SWDC for various other reasons so stated; and

e.) for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_/s/ Diana C. Theologou_____  _____
Diana C. Theologou, Esq.
7470 New Technology Way Ste P
Frederick, MD 21703
(470) 480-1820
Bar#14284

Mailing Address
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March 2023 that a copy of the foregoing was served through the ECF system upon the following individuals:

Jeffrey W. Styles, Esq.
1001 Connecticut Ave NW #1138
Washington DC 20036

_/s/ Diana C. Theologou_____  _____
Diana C. Theologou, Esq.